In the Matter of ETTA GLASSER, Petitioner, *v.* ROBERT E. HERMAN, as State Rent Administrator, et al., Respondents.

Supreme Court, Special Term, New York County, June 26, 1962.

*Paul, Weiss, Rifkind, Wharton & Garrison* for petitioner. *Abraham Engelman* for Northerly Corporation, respondent.

*Harold Zucker* and *Carl Holmes* for Robert E. Herman and another, respondents.

JACOB MARKOWITZ, J. By this application, pursuant to article 78 of the Civil Practice Act, a tenant seeks to annul a determination of the State Rent Administrator, which affirmed the granting of a certificate of eviction against her. Petitioner's sole argument is that the corporate respondent, who applied for the said certificate in July, 1961, was not then the "landlord" of the subject building, within the meaning of subdivision 6 of section 2 of the State Rent and Eviction Regulations; was, therefore, not a proper party to institute such proceeding; and the application was, accordingly, prematurely made. Petitioner contends that the erroneous granting of the eviction certificate, prematurely, has cost her the right to relocation, provided for in the newly enacted City Rent and Rehabilitation Law.

The facts, briefly stated, are that the land underlying subject building was originally leased to the Hermett Realty Corp. in 1941 — the lease expiring after April 30, 1962. The building itself was owned by Hermett, but the said lease provided that,

at the expiration thereof, there would be either a renewal of the lease or an appraisal of the building and payment by the landowner to Hermett for the building. In 1959, corporate respondent entered into a 99-year lease with the original owner for the land underlying the building and was granted all of the rights of such owners, subject to the Hermett lease. The record sufficiently demonstrates that respondent corporation in good faith is now seeking subject building, pursuant to section 58 of the State Rent and Eviction Regulations, to demolish it and to erect a substantial, upper middle-income apartment dwelling on the property. Said respondent also has shown enough financial responsibility and backing to accomplish its purpose.

The original application for a certificate of eviction against this tenant (as well as other tenants, whose companion motion No. 60 of May 22, 1962, has been withdrawn by stipulation) was brought in obvious anticipation of the expiration of the Hermett lease and in hopes of being able to proceed with the demolition as soon as possible thereafter. At the time that application was made to the local rent office, there was hardly a thought that the City of New York would be taking over rent control almost simultaneously with the expiration of the lease. Certainly, it could not then have been anticipated that the new rent control provisions would require landlords to relocate tenants instead of merely providing a set stipend. In all events, respondent corporation took a calculated risk when it commenced its proceedings before the rent commission before it had actually become the "landlord" — in the usual sense of the word — following the expiration of the lease and the tender of payment by it of the appraised value of the building.

Outright ownership of the building, however, was fully anticipated at the time, since Hermett could do nothing under its lease to prevent an ultimate tender and a final surrender of the premises. (In actuality, no tender could have been made, however, until recently, since Hermett refused all settlement offers and objected to an appraisal plan pursuant to the lease. In February, 1962, on motion of respondent corporation, an appraiser was appointed by the court and his report and valuation were only recently confirmed by order, which, incidentally, is presently the subject of an appeal to the Appellate Division, First Department.)

Nevertheless, said respondent's action in anticipation and the State Rent Administrator's approval thereof must be upheld since the section of the State Rent and Eviction Regulations defining the word "landlord" does not adhere to the usual definition, but sets forth a broad and all-inclusive meaning which

encompasses this corporate respondent in various of its categories. Subdivision 6 of section 2 of the said regulations defines a landlord as " [A]n owner, lessor, sublessor, assignee, * * * or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations or an agent of any of the foregoing ". By virtue of its 99-year lease from the original owner of the fee, respondent corporation acquired virtually all of the attributes of ownership of the land and also of the building, subject only to the lease requirement of tender of payment — a mere formality to complete ownership. At the least, respondent could be considered a sublessor of both the land and the building. Furthermore, the long-term lease designated said respondent as "agent" of the fee owner and the application for a certificate of eviction was properly made in such capacity under the broad definition aforesaid. Certainly, in ordinary parlance, the agent of a landlord could not be considered a landlord — a fact demonstrating the sweeping meaning of the word as used in the regulations. Finally, since Hermett had attorned to respondent corporation before the rent commission application was made, said respondent was, in addition, the legal common-law landlord, and could be considered as such for the purposes herein.

The record clearly indicates that the petitioner is not unable to vacate the premises and be relocated, but that she is otherwise motivated. This is not the case of an indigent or unfortunate tenant, who is being imposed upon by a landlord. Petitioner's conduct in preventing the building of approximately 180 apartments should not be countenanced.

Accordingly, and for the reasons stated, respondent Administrator was neither arbitrary nor capricious in his determination, which was in conformity with legal precepts. The application is denied and the petition is dismissed.